SLIP OP. 02-110

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                      :

ALLEGHENY LUDLUM CORP., et al.,   :
                                        :

       Plaintiffs,               :

                                          :

       v.                   :

                                          :

UNITED STATES,               :     Before: WALLACH, Judge
                                        :     Consol. Court No.: 99-06-00369

       Defendant,           :

                                          :

       and                  :

                                          :

YIEH UNITED STEEL CORP.,     :

                                          :

       Defendant-Intervenor.     :
_____:

Decided: September 10, 2002

Collier Shannon Scott PLLC, (David A. Hartquist, Jeffrey S. Beckington, Adam H. Gordon), for Plaintiffs.

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; Lucius B. Lau, Commercial Litigation Branch, Civil Division, Department of Justice; Scott D. McBride, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for Defendant.

White & Case, (William J. Clinton, Adams Lee), for Defendant-Intervenor.

**MEMORANDUM OPINION**

**WALLACH, Judge.**

On March 31, 1999, the United States Department of Commerce ("Commerce")

published its Notice of Final Determination of Sales at Less Than Fair Value: Stainless Steel Plate in Coils From Taiwan, 64 Fed. Reg. 15,493 (March 31, 1999) ("Final Determination"). The Final Determination covered the investigation of Taiwanese producer/exporter Yieh United Steel Corp. ("YUSCO") and Taiwanese middleman Ta Chen Stainless Pipe Co., Ltd. ("Ta Chen"). In the Final Determination, Commerce found that Ta Chen had engaged in middleman dumping during the period of investigation and stated that it would utilize two cash deposit dumping rates for YUSCO: one rate for sales of subject merchandise produced by YUSCO and sold to the United States through middleman Ta Chen, and another rate for sales of subject merchandise produced by YUSCO and sold to the United States through channels other than Ta Chen. See Final Determination at 15,494.

Allegheny Ludlum Corporation, Armco, Inc., Butler Armco Independent Union, J&L Speciality Steel, Inc., North American Stainless United Steelworkers of America, AFL-CIO/CLC, and Zanesville Armco Independent Organization (collectively "Plaintiffs") challenged Commerce's decision to assign multiple cash deposit dumping rates depending on whether the subject merchandise was exported to the United States through the middleman or through another distribution channel. On December 28, 2000, this court issued Allegheny Ludlum Corp. v. United States, __ CIT __, slip op. 00-170, 200 Ct. Intl. Trade LEXIS 176 (Dec. 28, 2000) ("Allegheny I"), in which the court remanded the action with respect to Commerce's issuance of two cash deposit rates. Following Allegheny I, Commerce filed its Final Results of Redetermination Pursuant to Court Remand on March 21, 2001 ("First Remand Determination"), in which it modified its middleman dumping methodology to apply a single weighted-average cash deposit rate for sales of subject merchandise produced by YUSCO.

By court order dated August 30, 2001 and in light of this court's intervening decision in Tung Mung Dev. Co. v. United States, __ CIT __, slip op. 01-83, 2001 Ct. Intl. Trade LEXIS 94 (July 3, 2001) ("Tung Mung I"), this court remanded to Commerce the First Remand Determination. See Allegheny Ludlum Corp. v. United States, Consol. Court No. 99-06-00369 (Order dated 8-30-01, not published) ("Court Order"). In the Court Order, this court directed Commerce to (1) reconsider its determination to apply a single weighted-average cash deposit rate for United States sales of subject merchandise made by YUSCO; and (2) provide a reasonable explanation and substantial evidence for its change in practice or apply a combination rate, consistent with its prior practice, if it did not provide a reasonable explanation and substantial evidence for such change in practice. See id.

On November 28, 2001, Commerce responded to the Court Order by filing its second Final Results of Redetermination Pursuant to Court Remand, Allegheny Ludlum Corp. v. United States, Consol. Court No. 99-06-00369 (July 3, 2001) ("Second Remand Determination"). On remand, Commerce determined that it is appropriate to apply a middleman dumping computation using a combination rate rather than a single weighted-average cash deposit rate to YUSCO's subject merchandise. Using this methodology, Commerce assigned a combination rate comprised of a cash deposit rate of 10.20 percent ad valorem to YUSCO's sales to the United States through middleman Ta Chen and 8.02 percent ad valorem to YUSCO's sales to the United States through channels other than Ta Chen. See Second Remand Determination at 29.

Plaintiffs challenge Commerce's Second Remand Determination on the following bases: (1) Commerce's selection of combination rates on the premise that application of combination rates will "avoid penalizing the producer for dumping for which it is not responsible" is flawed

3

because antidumping duties are a tax and not a penalty; (2) combination rates are jurisdictionally unsound, and (3) by choosing combination rates, Commerce has facilitated rather than prevented circumvention of the antidumping law in this case and future cases. See Plaintiffs' Comments in Accordance with the Court's Order Dated August 30, 2001 ("Plaintiffs' Comments"). Plaintiffs conclude that middleman dumping's inherent potential for manipulation and evasion of antidumping liability calls for assignment of a single weighted-average cash deposit rate and that this matter should be remanded to Commerce for further consideration. Id.

These issues are identical to those already raised in parallel proceedings before the court in the case of Tung Mung Dev. Co. v. United States, __ CIT __, slip op. 02-93 (Aug. 22, 2002) ("Tung Mung II"), in which this court found that, by applying a combination rate consistent with its prior practice, Commerce's remand determination at issue was in accordance with law.[1] Tung Mung II at 2. This court also determined that combination rates comport with the Antidumping Statute's characterization of dumping duties as a remedial instrument, that application of combination rates on foreign producers whose merchandise is dumped in the United States does not violate any jurisdictional requirements, and that Commerce fulfills its duty of preventing circumvention of the Antidumping Statute through the imposition of combination rates where no

_____

[1] By court order dated August 23, 2002, this court invited the parties to file supplemental memoranda responding to the court's decision in Tung Mung Dev. Co. v. United States, slip op. 02-93 (Aug. 22, 2002) ("Tung Mung II"). Plaintiffs Allegheny Ludlum Corp., et al., responded to the order, stating that "the substantive issues before the Court in Tung Mung with respect to Yieh United Steel Corp. ("YUSCO") do not differ from the issues before the Court with respect to YUCSO in the instant consolidated appeals. Under these circumstances, there is nothing further to be said . . . ." Plaintiffs' Supplemental Memorandum in Accordance with the Court's Order Dated August 23, 2002 at 1-2. The government also indicated that it is "of the opinion that the substantive issues in the two actions do not differ." Defendant's Supplemental Memorandum in Response to the Court's Order of August 23, 2002 at 1-2.

4

evidence exists that the producer has knowledge of the middleman's dumping.  Id. at 9-22.

Because of the similarity of issues involved in Tung Mung II and the case currently before it, the court adopts herein the reasoning set forth in that opinion.  Based on its reasoning therein, the court here finds that Commerce's Second Remand Determination is supported by substantial evidence and otherwise in accordance with law.  Thus, the court sustains the Second Remand Determination in this case, denies Plaintiffs' request for remand, and dismisses this action.

_____
Evan J. Wallach, Judge


Dated:          September 10, 2002
                New York, New York